CLARK IMPLEMENT COMPANY, APPELLANT, V. CLIFTON JAY ET AL., APPELLEES.

FILED SEPTEMBER 25, 1911.   No. 16,506.

1. Appeal: CONFLICTING EVIDENCE. In a jury trial, all questions of fact depending upon conflicting evidence are for the decision of the trial jury, and, unless manifestly wrong, the verdict cannot be set aside.

2. ——: REVIEW. In the instant case there is no controlling question of law involved, no objection being made to the instructions given the jury by the trial court. The evidence is examined, but not set out in the opinion, and no reversible error is found.

APPEAL from the district court for Nuckolls county: LESLIE G. HURD, JUDGE. *Affirmed.*

*H. N. Marshall* and *H. H. Mauck,* for appellant.

*R. D. Sutherland, S. W. Christy* and *L. E. Cottle, contra.*

REESE, C. J.

This action is founded upon a promissory note for $390 executed by the defendant Clifton Jay, as principal, and S. J. Boomer, as surety. The petition is in the usual form. The answer admits the execution of the note, but alleges as a defense thereto that it was given as a part of the purchase price of a threshing machine or traction engine which it is alleged plaintiff sold to defendant Jay, the price of which was $780, evidenced by

two promissory notes of $390 each, and, in addition thereto, one second-hand engine of the "Kitten" Manufacturing Company's make; that the contract of sale and purchase was made in writing, and provided for the sale and delivery of "one 16-horse compound engine No. 9,581, rebuilt job, Council Bluffs, Iowa, and in good running order when shipped;" that, in consideration of the warranty and agreement and delivery of the engine, the defendant executed the two notes and delivered to plaintiff the said second-hand "Kitten" engine of the value of $225. The substance of further averments of the answer is that the engine was, to the knowledge of plaintiff, purchased for the purpose of operating a threshing machine separator of a certain size, then owned by Jay, and that he attempted to use the engine in furnishing power for the propelling of his said separator, but that upon the test by defendant, who was accustomed to handle steam engines, the engine in question was found to be inadequate —was not of 16-horse power, nor in good running order when shipped, nor at any time thereafter, and was a failure in every respect; that, upon notice to plaintiff of the failure of the engine to meet the required conditions, plaintiff sent experts to place the engine in order, but that it could not be made to perform, nor was it in the condition warranted, and was finally returned to plaintiff; that the consideration for the notes and engine furnished plaintiff had failed, or, rather, was never received. The prayer is for the dismissal of the action, and for an affirmative judgment in favor of Jay for $225, the value of the engine furnished plaintiff. The reply is quite lengthy, but is, in effect, a denial of all defensive matter set up in the answer. There was a jury trial, which resulted in a verdict in favor of defendant and an assessment of "the recovery of the defendant Jay at the sum of $225, and cancelation of note." A motion for a new trial was filed, overruled, and a judgment rendered against plaintiff and in favor of defendant for the said sum of $225, and the costs of suit. Plaintiff appeals.

There is no controversy as to the value of the "Kitten" engine furnished plaintiff by defendant, it having been agreed upon the trial that its value was $225. There is no contention by plaintiff that there is error in the instructions of the trial court to the jury. The errors assigned here are that the verdict is not sustained by sufficient evidence and is contrary to law, errors of law occurring during the trial, and the court erred in overruling plaintiff's motion for a new trial. We have read the bill of exceptions throughout, and have considered all the evidence with care. In the introduction of evidence on the part of defendant, the court held the investigation of the facts well within the issues presented by the pleadings, and we are unable to see where plaintiff has any just ground to complain as to the rulings of the court upon the questions raised during the trial.

The principal contention by plaintiff is that the verdict is not sustained by sufficient evidence. We cannot see that it would serve any good purpose to review the evidence in detail, nor even to set out its substance. There is no doubt but that, had the verdict been the other way, it would have been sustained, for under the conflicting character of the evidence there was sufficient to support a verdict either way. The jury, however, being the sole judges of the weight of the evidence, and every fact having been fairly submitted to them, we are unable to say that the verdict is so clearly wrong as to require a reversal of the judgment. One of the contentions of plaintiff is that of the alleged incompetence of defendant Jay, who had charge of the engine during the time of his effort to use it, as a traction engineer. The evidence shows that he had had experience with steam engines, and his examination as a witness showed quite a degree of experience with steam as an engineer. If we should assume that the testimony of plaintiff's witnesses as to the condition of the engine when delivered to defendant and its condition when inspected by them after his efforts to use it was all true, we could probably say that the verdict should not

stand, but of this the jury were the sole judges. They have given credence to defendant and his witnesses, both as to his competency as an engineer and the condition and alleged uniform failure of the engine to render the service required of it, and we must be content with their finding. All questions presented by plaintiff have been examined, but we find no legal grounds for interfering with or setting aside what has been done.

The judgment of the district court will therefore be affirmed, which is done.

AFFIRMED.